474 So.2d 41 (1985)
Mr. & Mrs. James P. WHITTINGTON, Sr.
v.
AMERICAN OIL COMPANY (AMOCO), et al.
No. C-4045.
Court of Appeal of Louisiana, Fourth Circuit.
August 2, 1985.
Rehearing Denied August 27, 1985.
*42 Richard T. Regan, Thomas G. Milazzo, Francipane, Regan and St. Pe' Metairie, for plaintiff.
Thomas C. Cowan, Christovich & Kearney, New Orleans, for defendants.
Before BARRY, CIACCIO and WILLIAMS, JJ.
BARRY, Judge.
La.R.S. 32:661 et seq. should not be construed to prohibit the introduction of a decedent's blood alcohol content because the Coroner's Office technicians have not been certified pursuant to R.S. 32:663.
R.S. 32:662 sets up presumptions of intoxication for DWI purposes and concludes: "This section has no application to a civil action or proceeding." That language is limited to prohibiting the application of the presumptions in civil actions. The statute does not prevent a civil litigant from introducing into evidence a person's blood alcohol content along with expert testimony relating to the effects of such a level upon a person's ability to operate a motor vehicle. Parker v. Kroger's, Inc., 394 So.2d 1178, 1179 n. 3 (La.1981).
Whether a blood alcohol or urine test can be admitted into evidence depends upon a proper foundation"connecting the specimen with its source, showing that it was properly taken by an authorized person, properly labeled and preserved, properly transported for analysis, and properly tested." (citation omitted). Holmes v. Christopher, 435 So.2d 1022, 1028 (La.App. 4th Cir.1983), writ denied 440 So.2d 723, 724, 765 (La.1983), quoting Swanson v. Estate of Augusta, 403 So.2d 118, 124 (La. App. 4th Cir.1981), writ denied 407 So.2d 732 (La.1981). An "authorized person" has never been limited to only a person qualified under La.R.S. 32:663.
The judgment granting the Motion in Limine is reversed.